NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 7 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEMING ZENG, | No. 13-73504 |
| Petitioner, | Agency No. A089-782-013 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 26, 2017[**]

Before:    PAEZ, BEA, and MURGUIA, Circuit Judges.

Deming Zeng, a native and citizen of China, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and relief under the Convention Against Torture ("CAT"). We have

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the BIA's denial of Zeng's CAT claim because Zeng failed to establish it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to China. *See id.* at 1073.

The BIA found Zeng's asylum claim failed because he did not establish that a political opinion was or would be at least "one central reason" for his mistreatment by Chinese authorities. The BIA further found that because Zeng failed to establish eligibility for asylum, he did not meet the higher standard of proof for withholding of removal.

As to asylum, substantial evidence supports the BIA's determination. *See Dinu v. Ashcroft*, 372 F.3d 1041, 1043-45 (9th Cir. 2004) (concluding that heavy-handed tactics used by police during an investigation for legitimate purposes was not persecution on account of a protected ground).

As to withholding of removal, the BIA did not have the benefit of this court's decision in *Barajas-Romero v. Lynch*, 846 F.3d 351, 356-60 (9th Cir. 2017) when it issued its order. Thus, we grant the petition for review and remand Zeng's withholding of removal claim to the BIA to determine the impact of this decision.

13-73504

*See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**